Slip Op. 09-18

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DESEADO INTERNATIONAL, LTD., | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 07-00365 |
| Defendant. | |

**OPINION**

[Action dismissed.]

Dated: March 18, 2009

Neville Peterson LLP (John M. Peterson, George W. Thompson, and Casey K. Richter) for Plaintiff Deseado International, Ltd.

Michael F. Hertz, Deputy Attorney General, Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (Michael J. Dierberg, Trial Attorney, and Irene Chen, Attorney, Office of Chief Counsel for Import Administration, U.S. Department of Commerce) for Defendant United States.

Barnes & Thornberg, LLP (Randolph J. Stayin and Karen A. McGee) for Defendant-Intervenor.

Gordon, Judge: This case involves the antidumping duty order on petroleum wax candles from the People's Republic of China. See Petroleum Wax Candles from the People's Republic of China, 51 Fed. Reg. 30,686 (Dep't Commerce Aug. 28, 1986) (antidumping duty order) ("Order"). In 2005 the United States Department of Commerce ("Commerce") initiated an anticircumvention inquiry of the Order and determined that candles containing less than 50% petroleum wax ("mixed wax candles") were covered by the scope of the Order. See Petroleum Wax Candles from the People's Republic of

China, 71 Fed. Reg. 59,075 (Dep't Commerce Oct. 6, 2006) (final determ. anticircumvention inquiry) ("Anticircumvention Inquiry"), amended by Final Results Pursuant to court Remand, Target Corp. v. United States, Consol. Court No. 06-00383 (Nov. 10, 2008). Commerce ordered suspension of liquidation for mixed-wax candles as of the date of the notice of initiation of the Anticircumvention Inquiry. Id.

In August 2006 at Plaintiff's request, Commerce conducted an administrative review of the Order for the period August 1, 2005 through July 31, 2006. See Petroleum Wax Candles from China, 72 Fed. Reg. 52,355 (Sept. 13, 2007) (final results administrative review) ("Administrative Review"). During the Administrative Review Plaintiff attempted to challenge the merits of the Anticircumvention Inquiry by arguing that (1) mixed-wax candles were not covered by the Order and (2) Commerce should not have suspended liquidation of mixed-wax candles as of the date of the initiation of the Anticircumvention Inquiry. In response, Commerce declined to reconsider decisions made during the Anticircumvention Inquiry, a separate and distinct administrative proceeding. See Issues and Decision Memorandum for Administrative Review, at cmt. 3 & 4, A-570-504, (Sept. 13, 2007), Admin. R. Public Doc. 58 ("Decision Memorandum").[1]

In the action before the court, Plaintiff again seeks to challenge the merits of the Anticircumvention Inquiry while not contesting the merits of the administrative review.

---

[1] The Court notes that the traditional avenue for contesting the erroneous inclusion of one's merchandise within the scope of an antidumping duty order is a scope determination pursuant to 19 C.F.R. § 351.225. See Sango Int'l, L.P. v. United States, 484 F.3d 1371, 1376 (Fed. Cir. 2007) ("pursuant to 19 C.F.R. § 351.225(c)(1), an importer may request a scope ruling as to whether a particular product is covered by an antidumping order"). Plaintiff chose not to pursue this particular administrative remedy.

Court No. 07-00365 Page 3

Plaintiff though may not challenge the merits of the Anticircumvention Inquiry in this action because Plaintiff has not satisfied the prerequisites for judicial review for that separate and distinct administrative proceeding (which are contained in Section 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(vi) (2000)). Other parties have satisfied those prerequisites and the Anticircumvention Inquiry is presently being reviewed by the court in the Target case mentioned above. Suffice it to say, Plaintiff may not collaterally attack the Anticircumvention Inquiry within this action.

Also, to the extent Plaintiff is, within this action, challenging Commerce's refusal to reconsider the Anticircumvention Inquiry, such a refusal is an agency action committed to agency discretion by law, and is therefore generally unreviewable. See ICC v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 282 (1987) (noting that there is a tradition of nonreviewability associated with refusals to reconsider unless they involve new evidence or changed circumstances); see also Consolidated Fibers, Inc. v. United States, 32 CIT ___, 535 F. Supp. 2d 1345 (2008).

Accordingly, the court will enter judgment dismissing this action.

        /s/ Leo M. Gordon
        Judge Leo M. Gordon

Dated:     March 18, 2009
             New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DESEADO INTERNATIONAL, LTD.,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                    Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 07-00365 |

### JUDGMENT

This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that Plaintiff's action is dismissed.

                                                                    /s/ Leo M. Gordon
                                                                  Judge Leo M. Gordon

Dated:  March 18, 2009
           New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                    Deputy Clerk